UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA ELIZABETH ATENCIO,<br><br>    Plaintiff,<br><br>  v.<br><br>JEROME JOINT SCHOOL DISTRICT NO. 263,<br><br>    Defendant. | Case No. 1:10-cv-00130-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Lisa Elizabeth Atencio's Motion for Reconsideration (Dkt. 24) of the Court's Memorandum Decision and Order (Dkt. 30) granting summary judgment to Defendant Jerome Joint School District.  The matter is fully briefed and at issue, and the Court has determined that oral argument would not significantly assist the decisional process.  Being familiar with the record, the Court will deny the Motion, as more fully expressed below.

## BACKGROUND

Atencio was hired by Defendant School District in September 2007.  Atencio was diagnosed in 2008 with colitis and possible Crohn's Disease; according to Atencio, she

**MEMORANDUM DECISION AND ORDER - 1**

experienced symptoms from her diagnoses which included severe stomach pain, chronic diarrhea, nausea, headaches, muscle fatigue, and rectal bleeding.  In July 2008, prior to her diagnoses with colitis or possible Crohn's Disease, Defendant terminated Atencio's employment due to two unexcused absences.  Atencio filed this action alleging violations of the Americans with Disabilities Act and Idaho Human Rights Act.  This Court granted summary judgment in favor of Defendants, for which Atencio now seeks reconsideration.

## ANALYSIS

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted).  Here, Atencio argues that reconsideration is appropriate under the second ground – clear error or manifest injustice.

Specifically, Atencio contends that the Court erred in finding there was no evidence of how often Atencio suffered from sleep deprivation, nor the extent of limitations caused by the sleep deprivation.  Atencio also asserts that the Court erred in finding no specific evidence whether her affliction "'substantially limited' one or more of her 'major life activities.'"   In support, Atencio argues that the Court failed to note parts of the report by Dr. Gary L. Cook, who did an independent medical evaluation of Atencio, but was not Atencio's treating physician at the time of her termination.

MEMORANDUM DECISION AND ORDER - 2

However, as articulated in its decision granting summary judgment to Defendant, the Court did carefully consider Cook's report; Atencio has not shown that the Court committed clear error or that manifest injustice has resulted.

With respect to sleep deprivation, Atencio argues that the Court missed evidence in the record demonstrating that Atencio was substantially limited in the major life activity of sleeping. The Ninth Circuit has held that sleep constitutes a major life activity. *Head v. Glacier Northwest, Inc.,* 413 F.3d 1053,1060 (9th Cir. 2005); *McAlindin v. County of San Diego*, 192 F.3d 1226, 1235 (9th Cir. 1999). In *Head*, the plaintiff submitted a declaration stating that he had started having serious problems sleeping after being diagnosed with depression or bipolar disorder. 413 F.3d at 1060. Likewise, in *McAlindin* the plaintiff stated in his declaration that "he had experienced great difficulty sleeping at night," and his treating physician in a letter to his supervisor stated that the plaintiff's numerous medications disrupted his normal sleep patterns. 192 F.3d at 1235.

Here, however, Atencio neither alleged nor argued that her condition substantially impaired her ability to sleep: "Atencio and Dr. Cook identify the following major life activities that are substantially limited by her disease: working, procreation, using the restroom, eating, shopping, walking, hiking, reading, watching movies or TV, and carrying on conversations." *Pl's Opp'n to Def's Mot. Summ. J.* at 6, Dkt. 21. Nowhere in her Complaint or her response to Defendant's Motion for Summary Judgment does Atencio state that her condition caused her to have difficulty sleeping. More importantly – unlike the plaintiffs in *Head* and *McAlindin*, Atencio makes no mention of sleep

**MEMORANDUM DECISION AND ORDER - 3**

deprivation in her affidavit or deposition. She complained of pain, chronic diarrhea, nausea, dehydration, and headaches but never of problems sleeping. *Atencio Aff.* ¶ 5, Dkt. 23.

Atencio cannot complain on a motion to reconsider that the Court never considered an issue that she never raised. "[A] district court is not required to comb the record to find some reason to deny a motion for summary judgment and that, if a party wishes the court to consider an affidavit for more than one issue, the party should bring that desire to the attention of the court." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029, (9th Cir. 2001). And "[r]aising an issue for the first time in a motion to reconsider is not considered adequate preservation of the issue at a summary judgment stage." *Intercontinental Travel Mktg., Inc. v. FDIC,* 45 F.3d 1278, 1286 (9th Cir. 1994). The Court therefore declines to consider Atencio's argument regarding sleep deprivation.[1]

Atencio also argues that the Court clearly erred by failing to consider Dr. Cook's report detailing the extent of Atencio's chronic diarrhea. This simply restates arguments raised and rejected by the Court. While Atencio complains that the Court ignored portions of Dr. Cook's report, the Court carefully reviewed and considered Dr. Cook's report, Atencio's affidavit and deposition, and the extensive medical records she submitted and concluded that Atencio failed to create a question of fact on the issue of

---

[1] Even if the Court were to consider Atencio's new argument, it would not change the Court's decision. As Defendant argues, Atencio fails to link her alleged sleep deprivation is related to her physical impairment. *See, e.g., Serow v. Redco Foods, Inc.*, 187 F. Supp. 2d 47 (N.D. N.Y. 2002) (granting summary judgment because the plaintiff failed to establish his physical impairment caused his sleep deprivation).

**MEMORANDUM DECISION AND ORDER - 4**

whether her diarrhea substantially limited any major life activity.  A second review of Dr. Cook's report does not cause the Court to alter its decision.   Accordingly, Atencio's motion to reconsider is denied.

## ORDER

IT IS ORDERED that Plaintiff Lisa Elizabeth Atencio's Motion for Reconsideration (Dkt. 24) is DENIED.



DATED: November 3, 2011

B. Lynn Winmill
Chief Judge
United States District Court